IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIANETTE KENNEDY,      : | |
|     Plaintiff,      : | |
| : | |
| v.      : | CIVIL ACTION NO. 21-CV-4904 |
| : | |
| ESURANCE, *et al.*,      : | |
|     Defendants.      : | |

**<u>MEMORANDUM</u>**

**PADOVA, J.**                                                                                               **JANUARY 27, 2022**

      Plaintiff Alvianette Kennedy brings this civil action against three insurance companies, one of which was her former employer, and an orthopedic practice. She has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Kennedy leave to proceed *in forma pauperis* and dismiss her Amended Complaint for lack of subject matter jurisdiction without prejudice to amendment.[1]

**I.      FACTUAL ALLEGATIONS**

      Kennedy's claims relate to a vehicular collision in which she was injured and her efforts to obtain insurance proceeds to compensate her for those injuries and lost wages, which ultimately ended in her prosecution and conviction for criminal offenses. Kennedy alleges that

---

[1] Kennedy submitted her initial Complaint and Motion to Proceed *In Forma Pauperis* to the Court on November 5, 2021. (ECF Nos. 1 & 2.) Since Kennedy failed to sign those filings in accordance with Federal Rule of Civil Procedure 11, the Court issued Orders on November 12, 2021 and January 13, 2022 directing her cure the defect in her filings. (ECF Nos. 4 & 7.) Kennedy twice returned with a signed Amended Complaint, both of which appear to be substantively identical to her initial pleading. (*Compare* ECF No. 2 *with* ECF Nos. 5 & 9.) For clarity, the Court will cite to the most recent version of the signed Amended Complaint (ECF No. 9) as the operative pleading in this matter. Kennedy also initialed each page of her Motion to Proceed *In Forma Pauperis* and resubmitted it, which the Court accepts as substantial compliance with its Orders. (ECF No. 8.)

she began working for ACE, doing business as Combined Insurance, in September of 2014. (ECF No. 9 at 5.)[2] On October 22, 2014, she was rear ended while returning to work "from a mandatory company meeting" in Philadelphia. (*Id.*)  She alleges that she was fully insured at the time and identifies Esurance as her insurer. (*Id.* at 4 & 5.)  Kennedy indicates that the other driver was insured by State Farm Insurance ("State Farm"). (*Id.* at 4.)  She alleges that both vehicles were seriously damaged, that she exchanged information with the other driver, and that the other driver offered to pay for the repairs to her car. (*Id.* at 5.)

Kennedy alleges that by the evening of the accident, her right leg was swollen and tight, and that she was unable to walk, bend, or put weight on the leg. (*Id.*)  She sought and received medical treatment for her leg from Salem Orthopedic and also reported the damage to the car to her employer. (*Id.* at 5-7.)  Kennedy also attempted to file for worker's compensation benefits, but claims that Combined Insurance would not file a worker's compensation claim on her behalf and, upon learning she was insured, terminated her employment and "referred the matter to [her] auto company", Esurance. (*Id.* at 6; *see also id.* at 4 (identifying Esurance as the "Auto insurance provider to the Plaintiff").)

According to Kennedy, Combined Insurance failed to cooperate with Esurance regarding her claim, causing Esurance to deny her claim and leave her without income. (*Id.* at 6-7.)  Kennedy also alleges that Combined Insurance falsified its records to make it look like she left her position there shortly prior to the accident, even though tax records showed otherwise. (*Id.* at 8.)  Apparently based on those tax records and other records, Kennedy submitted a revised claim to Esurance. (*Id.*)  In the meantime, she continued to experience pain from her injuries, although she ultimately stopped seeing Salem Orthopedic some time in 2015. (*Id.*)

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Kennedy alleges she retained an attorney to assist her with the insurance dispute but that Esurance and Combined Insurance both "stone walled" the attorney. (*Id.*) When she terminated the attorney under pressure from Esurance, Esurance allegedly continued to "play[] hard ball and bully[] her." (*Id.*) She filed complaints with government agencies about the matter, to no avail. (*Id.*) According to Kennedy, the impasse "continue[d] from June 2015 to the present moment." (*Id.*)

In 2016, Kennedy learned that there was a warrant for her arrest on charges of insurance fraud, forgery, filing a false insurance claim, and conspiracy. (*Id.*) She was ultimately convicted of insurance fraud and securing execution of documents by deception based on her alteration of a script from Salem Orthopedics that she submitted to Esurance in connection with her claim for lost wages. *Commonwealth v. Kennedy*, No. 3612 EDA 2018, 2019 WL 5168643, at *1 (Pa. Super. Ct. Oct. 15, 2019); *see also Commonwealth v. Kennedy*, CP-46-CR-0000647-2018 (C.P. Montgomery). In a section of her Amended Complaint titled "Injuries," Kennedy appers to list grounds for challenging that conviction, alleges that the Defendants are liable for malicious prosecution and her "wrongful conviction," and contends that the "insurance companies conspired to file the false criminal complaint" to prevent her from filing a "counter suit."[3] (ECF No. 9 at 9-10.) She also alleges that the "collective insurance companies" conspired against her, essentially to prevent her from collecting insurance proceeds, and that she continues to experience medical issues as a result of the accident. (*Id.* at 10.)

---

[3] The Complaint implies that there may have been litigation about the insurance matter in state court but is unclear on this point.

Based on the above allegations, Kennedy filed the instant lawsuit against Combined Insurance, State Farm, Esurance, and Salem Orthopedic.[4] (*Id.* at 4.) She seeks injunctive relief in the form of: (1) a review of the Pennsylvania Insurance Code and other matters of Pennsylvania law; (2) a "complete reverse of the criminal convicton on the PCRA"; (3) a public apology; and (4) assorted damages. (*Id.* at 10-11.)

## II.     STANDARD OF REVIEW

The Court will grant Kennedy leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d

---

[4] Kennedy lists a fifth Defendant "to be futher identified." (ECF No. 9 at 4.) The nature of this Defendant and the basis for any claims against it are entirely unclear.

4

99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). As Kennedy is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

**A.  Federal Claims**

Although unclear, it appears possible that Kennedy intended to assert federal claims pursuant to this Court's federal question jurisdiction, 28 U.S.C. § 1331. (*See* ECF No. 9 at 4 (marking with a "X" that both "Federal Question" and "Diversity of Citizenship" are bases for jurisdiction in this case).) However, the Court cannot discern any possible basis for a federal claim here. In other words, if Kennedy intended to raise federal claims, they are "wholly insubstantial," *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015), and, therefore, insufficient to invoke the Court's federal question jurisdiction. *See Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that *pro se* complaint purporting to raise "civil rights violations" failed to present a federal question when "[d]espite [plaintiff's] bare citations, none of his claims arise 'under the Constitution, laws, or treaties of the United States,' 28 U.S.C. § 1331, nor does [plaintiff] seek a remedy granted by the Constitution or federal law"). Accordingly, any federal claims will be dismissed for lack of jurisdiction without prejudice. The Court notes, however, that to the extent Kennedy seeks to challenge her conviction in federal court, the proper vehicle for doing so is a petition for a writ of *habeas corpus* filed pursuant to 28

U.S.C. § 2254 after exhausting state remedies.[5] *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### B. State Law Claims

Kennedy's Amended Complaint is best construed as raising claims under state law governing insurance contracts and state tort law. The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

"A party's citizenship is determined by her domicile, and the domicile of an individual is [her] true, fixed and permanent home and place of habitation. It is the place to which, whenever [s]he is absent, [s]he has the intention of returning." *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011) (internal quotations omitted). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "[t]o be domiciled in a state, a person must reside there and intend to remain indefinitely." *Dalgic v. Misericordia Univ.*, Civ.

---

[5] Kennedy's state court docket reflects that on December 28, 2021, Kennedy, through counsel, appealed the denial of her PCRA petition. *Commonwealth v. Kennedy*, CP-46-CR-0000647-2018 (C.P. Montgomery). That appeal is currently pending. *Commonwealth v. Kennedy*, 169 EDA 2022 (Pa. Super Ct.).

A. No. 16-443, 2016 WL 1076937, at *1 (M.D. Pa. Mar. 18, 2016). Several factors may be relevant in determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business", as well as "location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Krasnov*, 465 F.2d at 1301). "A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes."[6] *Dalgic*, 2016 WL 1076937, at *1 (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) ("An individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State.").

     A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c)(1). "[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members." *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420. However, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant," the insurer is also deemed a citizen of the state of which the insured is a citizen. *See* U.S.C. § 1332(c)(1). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Lincoln Ben. Life Co.*, 800 F.3d at 107-08.

---

[6] Use of the word "State" in the diversity statute includes the District of Columbia. *See* 28 U.S.C. § 1332(e).

Here, Kennedy, who provided the Court with an address in the District of Columbia for service, alleges that she is a citizen of both Pennsylvania and the District of Columbia. (ECF No. 9 at 4.) However, as noted above, an individual can have only one domicile and residency does not alone establish one's domicile. Accordingly, the state of Kennedy's citizenship is unclear from the Amended Complaint. She alleges that Esurance is a citizen of New York, Combined Insurance is a citizen of Illinois, and Salem Orthopedic is a citizen of Pennsylvania. (*Id.*) She also alleges that she is unsure of State Farm's citizenship or the citizenship of the unidentified Defendant.[7] (*Id.*) Because it is unclear from these allegations whether the parties are completely diverse, Kennedy has not met her burden of establishing that the Court may exercise jurisdiction over her state law claims in this case. However, she will be given an opportunity to file a second amended complaint that clarifies her jurisdictional allegations in the event she can allege a basis for diversity. Alternatively, she may opt to refile her claims in state court, where federal jurisdiction will not be an issue.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss this case for lack of subject matter jurisdiction. The dismissal will be without prejudice to Kennedy filing a second amended complaint in the event she can allege a basis for subject matter jurisdiction over her state claims or, alternatively, filing a complaint in the proper state court so she may proceed on her claims in

---

[7] It is unclear whether Kennedy is bringing a direct action against State Farm as the insurer of the driver who rear ended her. If so, State Farm is considered a citizen of the state of which that driver is a citizen, and this information must be alleged, if known after a reasonable investigation.

that venue.[8]  An appropriate Order follows, which provides further instructions and time-frames for amendment.

BY THE COURT:

/s/ John R. Padova
**JOHN R. PADOVA, J.**

---

[8] The Court expresses no opinion at this time on the merit of any of Kennedy's claims.